[Civ. No. 8086. Second Appellate District, Division Two.—January 31, 1934.]

RUBY LYNN, Respondent, v. NATIONAL AMUSEMENT COMPANY OF VENICE, CALIFORNIA (a Corporation), et al., Appellants.

Edward C. Mills for Appellants.

M. C. Spicer and Fred C. Pearce for Respondent.

CRAIG, J.—As the result of an attempt to ride upon a small device installed for the amusement of children, per-

sonal injuries were incurred for which the plaintiff instituted an action for damages. Findings of fact, conclusions of law and judgment were rendered in her favor, and the defendants appealed.

■ The complaint alleged that in a certain amusement resort to which general admission was charged the defendants maintained and operated a certain "ferris wheel on which the public were invited to ride; that the ferris wheel was arranged to be operated by the use of a crank with which said wheel was turned over, which crank was attached to it and that the turning of said wheel turned over baskets in which patrons were invited to ride; . . . the plaintiff paid an admission fee of twenty-five cents and on said date entered one of the baskets on said ferris wheel and while riding thereon said wheel was turned at an excessive rate of speed so that the basket in which plaintiff was riding was turned over, throwing the plaintiff out, . . . That the defendants were negligent in failing to construct, maintain and operate the said ferris wheel in such a way that the baskets in which patrons were permitted to ride would not turn over when the wheel was operated at an excessive rate of speed, and that the said negligence of the defendants was the proximate cause of the injuries suffered by plaintiff." Issue was joined upon each of the foregoing allegations, and following a trial findings were made reciting in part that "the plaintiff did not assume any risk by riding on said ferris wheel and that she did not know, nor could she have ascertained that the baskets in said ferris wheel would turn over when the wheel was operated at an excessive rate of speed."

The uncontradicted evidence tended to show that the utmost speed possible when said wheel was operated was about five feet per second, or less than three and one-half miles per hour; that it was installed and maintained for the amusement of small children only, and that four children were riding therein when the plaintiff and a companion arrived, and was being turned by a control wheel without crank by two young boys who were patrons; that the same was at no time operated by an employee of the defendants nor intended to be so operated. An inspection before and after the accident revealed no imperfection or unusual condition in the construction or operation of the wheel. The

plaintiff, aged over twenty-one years and weighing about 117 pounds, and a companion weighing about 140 pounds, having paid the general admission approached the wheel, requested that they be permitted to ride, whereupon two of the children alighted, and the two women boarded the same, but the plaintiff testified that she was compelled to allow one foot to protrude therefrom. The wheel had made about five revolutions when her basket ceased to function properly, she grasped and hung from a rod for a time, and her companion was thrown clear of the wheel. The plaintiff finally fell, and was injured. Authorities bearing upon such cases are not numerous. "Negligence manifestly cannot be predicated of any act until you know what the act is. Until you know what did occasion an injury, you cannot say that the defendant was guilty of some negligence that produced the injury." (*Benedick* v. *Potts,* 88 Md. 52 [40 Atl. 1067, 1069, 41 L. R. A. 478].) Since there was an entire lack of evidence to support the allegation of defective mechanism or operation of the wheel or of proximate cause, and injury must be attributed if at all to such proof, the judgment cannot be sustained. From this it follows that other questions argued become abortive.

The judgment is reversed.

Stephens, P. J., and Archbald, J., *pro tem.,* concurred.